IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

EVERLY K HATFIELD,

    Defendant.                                         No. 08-CR-30020-DRH-2

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

#### I.   INTRODUCTION AND BACKGROUND

This matter comes before the Court on defendant Everly Hatfield's *pro se* motion (Doc. 373) for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive amendments to the drug quantity sentencing guidelines. Also before the Court is a motion to withdraw as attorney (Doc. 380).[1]

The motion to withdraw states counsel has determined defendant does not have a meritorious basis for obtaining relief under 18 U.S.C. § 3582(c) and the retroactive amendments to the drug quantity sentencing guidelines. Counsel states that when defendant was sentenced, the guidelines were calculated under §2A1.1(a), under a cross-reference to first degree murder and consequently, the defendant's guideline range does not change.

On February 24, 2015, the Court entered an order allowing the defendant until March 26, 2015 to respond (Doc. 382). Rather than responding, defendant

---

[1] The Court referred the matter to the Federal Public Defender for the Southern District of Illinois in accord with Administrative Order 167 (Doc. 375).

filed a motion to appoint counsel (Doc. 384). The Court denied the motion to appoint counsel (Doc. 386). Further, the Court reminded defendant that he had until March 26, 2015 to respond to the motion to withdraw (Doc. 386). The defendant submitted a response stating that he did not have access to the motion to withdraw and asking the Court enlist the assistance of a Federal Public Defender from the Eastern District of Missouri (Doc. 387). The Court denied the request to enlist assistance from the Eastern District of Missouri, directed the Clerk of the Court to mail a copy of the motion to withdraw to the defendant, and allowed the defendant until June 3, 2015 to respond to the motion to withdraw (Doc. 390). The Court also denied a motion for recusal filed by the defendant (Doc. 392, 394). Thereafter, defendant sought an extension, which was granted (Doc. 395, 397). Ultimately, defendant's response was filed on July 30, 2015 (Doc. 400).

## II.     ANALYSIS

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant ... has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)...." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing

Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, No. 13–2978, 2015 WL 554452, *5 (7th Cir. Feb. 11, 2015).

Defendant is *not* entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). When defendant was sentenced, the guidelines were calculated under §2A1.1(a), under a cross-reference to first degree murder. Amendment 782 does not lower the sentencing range established for the defendant.

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court **DENIES** Defendant's *Pro Se* Motion (Doc. 373), **GRANTS** the pending Motion to Withdraw as Attorney

(Doc. 380), and **ORDERS** that counsel G. Ethan Skaggs is **WITHDRAWN** from this matter.

**FURTHER,** the Court **DIRECTS** the Clerk of Court to send a copy of this order to defendant.

**IT IS SO ORDERED.**

Signed this 31st day of August, 2015.

Digitally signed by
David R. Herndon
Date: 2015.08.31
13:56:30 -05'00'

**United States District Court**