IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08-cr-30020-SMY |
| | ) |
| EVERLY K. HATFIELD, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Everly K. Hatfield was sentenced on December 3, 2010 to 120 months' imprisonment for Burglary of Controlled Substances (Count 1) and a consecutive sentence of 240 months for Conspiracy to Distribute Controlled Substances (Count 2), for a total term of imprisonment of 360 months' imprisonment (Docs. 332, 330).

Hatfield recently filed a *pro se* motion seeking a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Doc. 478). Pursuant to SDIL Administrative Order 362, Federal Public Defender Kim Freter entered her appearance on Hatfield's behalf to determine his eligibility for a sentence reduction (Doc. 483). FPD Freter has now moved to withdraw, asserting that Hatfield is ineligible for a sentence reduction under Amendment 821 (Doc. 487). Hatfield has not filed a response to the motion.

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point

Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Hatfield's total offense level at sentencing was 43 and his criminal history category was V, resulting in a Guidelines sentencing range of life (360 months statutory maximum). Under Amendment 821, Hatfield's criminal history category and Guideline sentencing range remain unchanged. Thus, he is not eligible for a sentence reduction.

Accordingly, the motion to withdraw (Doc. 487) is **GRANTED** and motion to reduce pursuant to Amendment 821 (Doc. 478) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** April 9, 2024

**STACI M. YANDLE**
**United States District Judge**