IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08-cr-30020-SMY |
| | ) |
| EVERLY K. HATFIELD, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Everly K. Hatfield was sentenced on December 3, 2010 to 120 months' imprisonment for Burglary of Controlled Substances (Count 1) and a consecutive sentence of 240 months for Conspiracy to Distribute Controlled Substances (Count 2), for a total term of imprisonment of 360 months' imprisonment (Docs. 332, 330). He is currently housed at FTC-Oklahoma City and his projected release date is October 23, 2033. Now pending before the Court is Hatfield's Motion for Compassionate Release pursuant to the First Step Act of 2018 (Docs. 485, 502), which the Government opposes (Doc. 496).

## Background

Hatfield and his brother were convicted by a jury of conspiracy to burglarize pharmacies, 18 U.S.C. §§ 2118(b), (d), and to distribute controlled substances (including morphine, methadone, oxycodone, fentanyl, alprazolam, cocaine, and hydrocodone), the use of which resulted in death or serious bodily injury, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 – specifically, four deaths, plus a serious bodily injury to a fifth user of the defendant's drugs. Hatfield was sentenced to life in prison, and he appealed. On appeal, the Seventh Circuit reversed the convictions relating to the four deaths and the serious bodily injury to a fifth user based upon

error in the jury instructions, but affirmed the other convictions, 591 F.3d 945 (7th Cir. 2010). On remand, the Government dismissed the charges the Seventh Circuit reversed, and this Court resentenced Hatfield to 360 months imprisonment.

## Discussion

Section 603(b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the BOP or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). Following a recent amendment by the Sentencing Commission, "extraordinary and compelling reasons" for compassionate release include: (1) medical circumstances, (2) "death or incapacitation of the caregiver of the defendant's minor child," (3) the defendant, while in custody, was the victim of sexual or physical abuse, or (4) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b). Defendants moving for compassionate release bear the burden of establishing the existence of extraordinary and compelling reasons for such release. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Here, Hatfield requests compassionate release asserting that (1) he suffers from multiple medical conditions that place him at an increased risk for severe illness should he contract COVID-19; (2) the disparity between his sentence and his co-defendants is unfair; (3) he would have received a lower sentence if sentenced today; and (4) the evidence was insufficient that he committed any murders but affected the Court's analysis of the § 3553(a) factors. Hatfield's arguments lack merit.

Hatfield has been fully vaccinated against COVID-19 and his risk of contracting the virus cannot justify compassionate release. *United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of new coronavirus variants, we reiterate that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability 'to receive or benefit from a vaccine.'" (quoting *United States v. Broadfield*, 5 F.4th 801, 803) (7th Cir. 2021)). And while Hatfield claims that he suffers from numerous medical ailments, he fails to demonstrate that his alleged medical conditions substantially diminish his ability to provide self-care within the environment of a prison. *See* U.S.S.G. § 1B1.13(1)(B). A condition that is adequately being treated cannot serve as an extraordinary and compelling reason for sentence reduction. *See United States v. Proctor*, 2022 WL 1261762, at *1 (7th Cir. 2022).

Next, Hatfield argues that his sentence was disproportionately greater than his co-defendants' sentences. Hatfield, however, received the same sentence as his co-defendant, his brother. Hatfield also contends that would have received a lower sentence if he were sentenced today. Non-retroactive changes in sentencing laws are not grounds for compassionate release. *See United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021) (non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)). There must be some other independent "extraordinary and compelling" reason for a sentence reduction. Here, there are none.

Hatfield next asserts that he is entitled to compassionate release because the evidence does not support the Government's position that he murdered several individuals and therefore his sentence is unusually harsh and not based upon accurate information, which he appears to argue, affected the Court's analysis of the § 355(a) factors. However, Hatfield's trial established that he did indeed murder several individuals and caused another severe bodily harm. The Court

was allowed to rely on this information when it conducted its § 3553(a) analysis. *See United States v. Hatfield*, 591 F.3d 945, 951 (7th Cir. 2010) (affirming district court's decision and noting that the Court was allowed to rely on its own observation that the evidence that Hatfield caused deaths was strong enough to justify a conviction). Those same factors weigh in favor of Hatfield's continued imprisonment. Releasing him at this juncture would not be consistent with the seriousness of his offense. Nor would his early release promote a respect of the law or sufficiently protect the public from further crimes by him.

Accordingly, Defendant's Motion for Compassionate Release (Docs. 485, 502) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 17, 2025**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**